J-S01015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID PAUL EVANS | : | |
| | : | |
| Appellant | : | No. 144 MDA 2021 |

Appeal from the Judgment of Sentence Entered December 22, 2020
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001690-2019

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                     **FILED:  JUNE 8, 2022**

David Paul Evans appeals from the judgment of sentence of thirty-two to seventy-two months of incarceration followed by seven years of probation entered after he pled guilty to one count each of statutory sexual assault and corruption of minors.  We affirm.

In pleading guilty, Appellant admitted that, on January 1, 2014, he had a fourteen-year-old minor perform oral sex upon him.  The trial court, after a presentence investigation, imposed consecutive standard-range sentences. Appellant filed a timely motion for reconsideration of sentence, which the trial court denied.  This timely appeal followed, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Rather than file a brief advocating on Appellant's behalf, counsel filed in this Court a petition seeking leave to withdraw as counsel and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Therein, counsel identified two discretionary sentencing issues arguably supporting the appeal, but opined that the appeal was wholly frivolous because the claims were waived. We agreed with counsel that a challenge to the trial court's failure to state the reasons for the sentence on the record at the time of sentencing was waived for failure to raise the issue prior to appeal. *See Commonwealth v. Evans*, 272 A.3d 474 (Pa.Super. 2022) (non-precedential decision at 6). However, we found that counsel could argue, without violating her duty not to pursue frivolous appeals, that the claim that the sentence was excessive was preserved and warranted relief. *Id*. at 7-8. Therefore, we denied counsel's application to withdraw and ordered additional briefing.

Appellant now presents the following questions for our review:

A. Whether the trial court failed to state on the record the reasons for the sentences imposed as required by Pa.R.Crim.P. 708 (D)(2).

B. Whether the sentences imposed were harsh and excessive and an abuse of discretion since Appellant was not found to be a sexually violent offender the assault occurred on only one occasion, and when both offenses involved the same act.

Appellant's brief at 4 (unnecessary capitalization omitted).

Both claims implicate the discretionary aspects of Appellant's sentence. *See*, *e.g.*, *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa.Super. 2007)

(observing that a failure of the sentencing court to offer a statement of reasons goes to the discretionary aspects of the sentence, not its legality). Consequently, in reviewing the questions, we bear in mind the following:

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect [pursuant to] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Lucky*, 229 A.3d 657, 663–64 (Pa.Super. 2020) (cleaned up).

Appellant timely filed a notice of appeal and a timely post-sentence motion for reconsideration of sentence. Appellant's brief contains a statement pursuant to Pa.R.A.P. 2119(f) claiming that the trial court erred in failing to state on the record its reasons for the sentence imposed and that the sentence is harsh and excessive. *See* Appellant's brief at 10-11. We have already determined that the claim regarding the lack of a contemporaneous statement of reasons for the sentence is waived because it was not preserved for appeal. *See Evans*, *supra* (non-precedential decision at 6). However, we conclude that the issue concerning the excessiveness of the sentence under the

- 3 -

circumstances was preserved and raises a substantial question. ***See*** Motion for Reconsideration of Sentence, 12/29/20, at ¶¶ 3-6 (contending that a county, rather than state, sentence was warranted based upon the mitigating factors and the fact that Appellant's convictions relate to a single criminal act); ***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa.Super. 2006) (holding substantial question presented by claim that the sentence was excessive in proportion to the offenses).

The following principles govern our review of the merits of Appellant's claim. "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Edwards***, 194 A.3d 625, 637 (Pa.Super. 2018) (cleaned up). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009). Hence, we review the sentencing court's sentencing determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014).

While its discretion is broad, "the trial court's discretion is not unfettered." *Commonwealth v. Coulverson*, 34 A.3d 135, 144 (Pa.Super. 2011). The sentence imposed "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "Where the sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa.Super. 2019) (cleaned up).

The main thrust of Appellant's sentencing challenge is that he was given consecutive sentences at the higher end of the standard range of the guidelines based upon a single incident. *See* Appellant's brief at 15. He highlights that both convictions stem from one, not two, incidents, and the trial court failed to proffer reasons why an aggregate term of thirty-two to seventy-two months of incarceration, followed by seven years of probation, was appropriate.[1] *Id*.

---

[1] Appellant does not contend that the trial court improperly considered charges that were dismissed as part of a plea agreement. *Cf. Commonwealth v. Stewart*, 867 A.2d 589, 593 (Pa.Super. 2005) ("[A] manifest abuse of discretion exists when a sentence is enhanced due to charges that have been *nolle prossed* as part of a plea agreement, because notions of fundamental fairness are violated.").

We observe that, "[p]recisely because of the wide latitude afforded sentencing courts and because we recognize the court's ability to arrive at a balanced judgment when possessed of all the facts, it becomes imperative that the facts relied upon by the sentencing court be **accurate**." **_Commonwealth v. Medley_**, 725 A.2d 1225, 1229 (Pa.Super. 1999) (emphasis in original).

> A sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration. This is so because the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant. Simply put, the evidence upon which a sentencing court relies must be accurate, and there must be evidentiary proof of the factor, upon which the court relied.

**_Commonwealth v. Downing_**, 990 A.2d 788, 793 (Pa. Super. 2010) (cleaned up).

The trial court denied basing Appellant's sentences "upon inaccurate, insufficient or improper information." Trial Court Opinion, 9/24/21, at 14. It maintained that Appellant's contention that it "should have viewed [his] offenses as occurring on only one occasion and involving the same act is misplaced." **_Id_**. at 12. The court explained:

> A review of the affidavit of probable cause indicates that the Appellant asked D.W. to perform oral sex on him while driving her to school. She refused. Subsequently, on January 1, 2014, after providing D.W., a minor with alcohol, he forced her to perform oral sex on his penis. The Appellant's claim that the sexual assault occurred on one occasion and involved the same act is in direct variance with the record. While the Appellant's plea references

- 6 -

> one instance of oral sex, D.W. indicated during a forensic interview that when the Appellant drove her to school, he asked her to perform oral sex in exchange for skipping school.

*Id*. at 12 n.5. The trial court acknowledged that the other incident was not a factual basis for Appellant's convictions, but opined that it was properly-considered unprosecuted conduct. *Id*. (citing *Commonwealth v. P.L.S.*, 894 A.2d 120, 131 (Pa. Super. 2006 ) (holding that a sentencing court is permitted to consider prior conduct that did not result in prosecution or conviction so long as the legal system did not exonerate the defendant for that conduct, there is evidentiary support for the conduct in the record, and the trial court recognizes that there was no conviction)). The trial court observed that, since the two offenses did not merge, Appellant was not entitled to "a volume reduction." *Id*. at 12.

The trial court further indicated that its decision was informed by the sentencing guidelines, the PSI report, and the weighing of the sentencing factors. *Id*. at 13. It maintains that the imposed aggregate sentence, composed of consecutive standard-range sentences, is commensurate with the crimes, Appellant's individual circumstances, and the protection of the victim and the public. Specifically, he committed the offenses while holding a position of trust, as he and the victim viewed each other as uncle and niece although they were not blood relatives *Id*. at 13-14. Rather than fully accepting the gravity of the harm he caused, Appellant "repeatedly minimized his actions because they occurred in 2014." *Id*. at 13. This lack of

appreciation of the inappropriateness of his actions evinced that Appellant failed to rehabilitate since his prior conviction for corruption of minors. ***Id***. at 14.

Upon examination of the certified record, we cannot conclude that the trial court based Appellant's sentence on incorrect or improper information, or that it otherwise "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Antidormi***, ***supra*** at 760. As such, we discern no abuse of discretion that warrants disturbing Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/08/2022